**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**EXECUTIVE TRIM CONSTRUCTION, INC.,**
*doing business as* **Executive Group,**

                                            **Plaintiff,**

    vs.                                                                    1:20-cv-544
                                                                                     (MAD/DJS)

**CHRISTOPHER GROSS; SUDDATH VAN**
**LINES, INC.,** *a Florida Corporation*; **and**
**SUDDATH VAN LINES, INC.,** *doing business as*
**Suddath Workplace Solutions,**

                                            **Defendants.**
_____

**APPEARANCES:**                                           **OF COUNSEL:**

**ROEMER WALLENS GOLD & MINEAUX, LLP**    **MATTHEW J. KELLY, ESQ.**
13 Columbia Circle
Albany, New York 12203
Attorneys for Plaintiff

**Mae A. D'Agostino, U.S. District Judge:**

### ORDER

In a complaint dated May 14, 2020, Plaintiff alleges that Defendants, among other things, misappropriated trade secrets in violations of federal and state law. *See* Dkt. No. 1. That same day, Plaintiff filed a motion for a temporary restraining order by order to show cause. *See* Dkt. No. 2. On May 15, 2020, having found that Plaintiff has satisfied the requirements of Rule 65(b) of the Federal Rules of Civil Procedure for the issuance of injunctive relief without notice, the Court granted Plaintiff's request for a temporary restraining order.

Initially, the Court scheduled the hearing on Plaintiff's motion for a preliminary injunction for May 29, 2020. *See* Dkt. No. 8. After granting the parties several extensions, the preliminary injunction hearing is now scheduled for August 11, 2020 via Skype. On August 3, 2020,

Defendant Gross was served with a subpoena compelling him to appear for the hearing. *See* Dkt. No. 54. On August 5, 2020, Defendant Gross moved to quash the subpoena, arguing that he lives in Wilton, Connecticut, which is approximately 126 miles from the Courthouse and, therefore, beyond the Court's subpoena power under Rule 45(c) of the Federal Rules of Civil Procedure. *See* Dkt. No. 53-5. In response, Plaintiff contends that he is subject to the Court's subpoena power because he is a party to this action and he regularly transacts business in person in New York. *See* Dkt. No. 54 at 2 (citing Fed. R. Civ. P. 45(c)(1)(B)(i)). Further, Plaintiff contends that Defendant Gross will not be prejudiced by forcing his compliance with the subpoena. *See id.* at 2-4. In reply, Defendant Gross summarily contends that he is not employed in New York and, "[s]ince the commencement of this action, I have not transacted business in person in the State of New York." Dkt. No. 57. As set forth below, Defendant Gross' motion to quash is denied.

Rule 45(c) of the Federal Rules of Civil Procedure provides that a subpoena may command a person to attend a trial, hearing, or deposition only as follows:

> (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
>
> (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
>
>> (i) is a party or a party's officer; or
>>
>> (ii) is commanded to attend a trial and would not incur substantial expense.

Fed. R. Civ. P. 45(c).

Here, Defendant Gross is a party to this action and, despite his conclusory assertions to the contract, regularly transacts business in person within New York. Although Defendant Gross contends that he has not transacted business in person in New York since the commencement of

2

this action, Rule 45 does not provide for any such limitation. Rather, based on the evidence submitted in support of and in opposition to the motion for preliminary injunctive relief, it is clear that, during his employment with Plaintiff, Defendant Gross regularly conducted business in New York. Further, the evidence before the Court indicates that Defendant Suddath hired Defendant Gross with the intent that he would enable Defendant Suddath to expand it business into the Northeast, including New York.

As to Defendant Gross' arguments that he will be prejudiced by the short notice he was provided, the Court finds that they are without merit. Defendant Gross is intimately familiar with all aspects of this case, since his conduct and business dealings with both Plaintiff and Defendant Suddath are the primary subject matter. Further, since the August 11, 2020 hearing is being held remotely, via Skype, Defendant Gross will not have to make any travel arrangements.

Accordingly, the Court hereby

**ORDERS** that Defendant Gross' motion to quash (Dkt. No. 53) is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 7, 2020
       Albany, New York

Mae A. D'Agostino
U.S. District Judge